IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN C. SEATS, | |
| Plaintiff, | |
| v. | Case No. 24-cv-1051-NJR |
| BRIAN DOTY, SANDY WALKER, and ANTHONY JONES, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Devin C. Seats, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Seats's original Complaint, alleging retaliation, due process violations, and other constitutional violations related to the issuance of a disciplinary ticket, was dismissed without prejudice for failure to state a claim (Doc. 17). In the Amended Complaint, Seats alleges that the defendants retaliated against him for writing a grievance about his safety.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

Seats makes the following allegations: On December 3, 2023, Seats submitted a grievance about a correctional officer mixing up his mail with that of his cellmate (Doc. 1, p. 3). As a result, Seats's cellmate received personal legal mail related to Seats's involvement as a witness in a federal case (*Id.*). Seats alleges the improper handling of his mail placed him in danger, and he was labeled a snitch by both inmates and correctional officers (*Id.*). He also received threats to his safety as a result of the mix-up. Seats submitted a grievance about the issues with his mail, the released information, and threats to his safety to the Governor's Office, the Administrative Review Board, the Department of Justice, and the Uptown Law Center (*Id.* at pp. 3-4).

After submitting his grievance, Seats spoke to Brian Doty about the grievance (*Id.* at pp. 4, 12). Seats alleges Doty was an internal affairs officer, and during the interview, he tried to get Seats to drop the grievance (*Id.* at p. 12). Doty informed Seats that he was making too much of a fuss and that he would write a ticket against Seats to stop him from talking about the grievance (*Id.* at p. 4). He also informed Seats that he would have other staff members write tickets in order to keep Seats in segregation (*Id.*).

Later that same day, Doty wrote Seats a ticket for dangerous contraband, threats, and dangerous writing materials (*Id.*). Seats alleges the ticket was in retaliation for the earlier grievance he wrote. Seats also alleges that Doty ignored his concerns for his safety (*Id.*). As a result of the ticket, Seats received 28-days in segregation and one month C Grade (*Id.*). The disciplinary ticket, however, was later expunged and invalidated (*Id.*).

Seats further alleges that he has received additional disciplinary tickets from other correctional officers, which he believes to have been written at the direction of Doty. For instance, he received a grievance from Correctional Officer Gearheart, who worked in internal affairs with Doty, for drugs and drug paraphernalia (*Id*. at p. 5). On May 23, 2024, after complaining to mental health about threats to his safety, he was interviewed by another internal affairs officer who noted that Seats was trying to sue his "buddy"—referring to Doty. The officer also wrote a ticket against Seats, and because of the note, Seats submitted to mental health (*Id*.). Seats received eight months in segregation for this ticket (*Id*.).

In addition to the disciplinary tickets, Seats alleges that he has experienced the water in his cell being shut off and officers spraying mace in his cell (*Id*.). He has also experienced delays in his mail (*Id*.). He believes all of these actions are in retaliation for his earlier grievance (*Id*.).

In addition to Doty's acts of retaliation, Seats alleges that Lieutenant Sandy Walker and Sergeant Anthony Jones also retaliated against him because he submitted a grievance. Specifically, Lieutenant Walker found him guilty of the charges issued by Doty, and she failed to have the grievance at issue presented at the adjustment committee hearing. She informed Seats that she had heard about the ticket from internal affairs and was instructed to find him guilty (*Id*. at p. 6). Walker did not allow him to present evidence or a statement on the ticket (*Id*.). Seats alleges that Walker's actions were in retaliation for his original grievance (*Id*. at p. 7). Seats alleges that Walker also served on the adjustment committee for the other tickets and has given him increasingly more

3

severe penalties as an act of retaliation (*Id.*). Sergeant Jones was also a member of the adjustment committee and found Seats guilty of the ticket issued by Doty. He also failed to document Seats's statement or acknowledge the grievance that triggered the disciplinary ticket. Jones also informed Seats that he was being found guilty because he angered the wrong people at the prison (*Id.* at p. 8).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** **First Amendment retaliation claim against Brian Doty for issuing a false disciplinary ticket and directing other staff to issue disciplinary tickets in retaliation for Seats writing a grievance about his safety.**
>
> **Count 2:** **First Amendment retaliation claim against Anthony Jones and Sandy Walker for finding Seats guilty of a false disciplinary ticket in retaliation for Seats writing a grievance about his safety.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Seats states viable retaliation claims in Counts 1 and 2. He alleges that Doty issued a disciplinary ticket in retaliation for Seats submitting a grievance about issues with his safety. He also alleges that other officers issued tickets against him on Doty's behalf. Seats also alleges that both Jones and Walker indicated that they were finding him guilty of the disciplinary tickets because of his grievance. That is enough to state a retaliation claim at this stage.

Seats also refers to other acts of retaliation by unnamed individuals. He alleges that he has been maced, had his water turned off, and experienced delays in his mail. He also alleges that he has been denied access to mental health services and that officials refuse to document his hunger strikes. He faces daily threats. But Seats fails to allege that any of the named defendants participated in these additional actions. He states only in conclusory fashion that Doty directed these additional actions. Thus, Seats fails to state a claim for any additional acts of retaliation.

Seats also mentions, in conclusory fashion, that his Eighth and Fourteenth Amendment rights were violated, but he fails to state a claim with these statements. He alleges that Doty failed to protect him, but to state such a claim a plaintiff must show that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). But Seats merely concludes that Doty, Jones, and Walker failed to protect him by disregarding his grievance. There are no allegations to suggest that there was an impending threat to his safety that the officials ignored. Although Seats alleges that he faces threats from inmates and staff on a daily

5

basis, he fails to offer any allegations about any specific threats he has received. And there are no allegations suggesting the defendants were aware of specific threats and failed to act.

Seats also mentions the Fourteenth Amendment, but he fails to allege a violation of his due process rights. He notes that Jones and Walker ignored his grievance and failed to consider his written statement in finding him guilty of the ticket issued by Doty, but Seats acknowledges that he only received 28 days in segregation (Doc. 1, p. 6). This short stay in segregation does not amount to an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Thomas v. Ramos*, 130 F.3d 754, 761-62 (7th Cir. 1997) (two months not enough on its own); *Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (noting that 30 days is not enough). He received longer stints in segregation on subsequent tickets, but he fails to include any allegations about the conditions he experienced in segregation. Without more, nothing in the pleading suggests that he faced an atypical and significant hardship as a result of any of the disciplinary tickets. Thus, any claim pursuant to the Fourteenth Amendment is also **DISMISSED without prejudice**.

## Pending Motions

Attached to his Amended Complaint, Seats submitted a memorandum and declaration in support of a motion for temporary restraining order and preliminary injunction (Doc. 19, pp. 11- 21). Seats requests a Court Order directing IDOC employees

6

to stop retaliating against him (*Id.* at p. 11). He states that he wants the harassment and delays in his mail to stop and seeks an Order stopping the violations of his Eighth and Fourteenth Amendment rights. He seeks both a psychological evaluation and an emergency transfer to another prison where his safety can be ensured (*Id.* at p. 14). In an additional memorandum, Seats alleges that he is being denied mental health services and that staff fail to document his hunger strikes (*Id.* at p. 16). But as previously stated, the only claims that survive preliminary review are the First Amendment retaliation claims related to the disciplinary tickets issued against him. To the extent Seats seeks injunctive relief related to these other acts, his request is **DENIED**.

But to the extent Seats alleges that Doty, Jones, and Walker continue to retaliate against him by issuing and finding him guilty of disciplinary tickets, the Court **DIRECTS** Defendants to respond to Seats's allegations. The Clerk of Court is **DIRECTED** to docket a separate motion for temporary restraining order/preliminary injunction. Defendants' response is due **August 9, 2024**. To the extent Seats seeks injunctive relief, the current warden of Menard, Anthony Wills (official capacity only) is **ADDED** to the case for the purpose of responding to and implementing any injunctive relief that is ordered.

## Disposition

For the reasons stated above, Count 1 shall proceed against Brian Doty. Count 2 shall proceed against Sandy Walker and Anthony Jones. Anthony Wills is **ADDED** to the case for the purpose of responding to any request for injunctive relief.

The Clerk of Court shall prepare for Defendants Brian Doty, Sandy Walker, Anthony Jones, and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit

and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Seats. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Seats, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Seats, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Seats is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  July 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**